IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

KEVIN PAUL WOODRUFF,

Petitioner,

v.

MARION AWOKE, et al.,

Respondents.
_______________________________/

No. C 10-03268 CW (PR)

ORDER OF DISMISSAL WITH LEAVE TO AMEND

This case was commenced when Petitioner filed a document captioned "Habeas Corpus" and paid the $5.00 filing fee. Petitioner is a resident at "Cornell Companies, Inc.," a federal Bureau of Prisons (BOP) halfway house in Oakland. In his petition, he claims that he is filing a "writ of habeas corpus per 28 U.S.C. § 2241." (Pet. at 1.) Petitioner names employees of "Cornell Companies, Inc." as Respondents in this action, including Job Coordinator Merion Awoke, Case Manager M. Paldini, and Director M. Lange. Petitioner claims that Respondents "retaliat[ed] against [him] by denying access into the community for job searches, carreer [sic] center and/or employment opportunities, religious practice, law library, and further comply with the will of Congress re Second Chance Act of 2008." (Id. at 3.)

The petition does not challenge the lawfulness of the execution of his sentence in this district. Rather, it goes entirely to the conditions of his placement in the halfway house. A federal civil rights complaint for damages under Bivens v Six Unknown Named Agents, 403 U.S. 388 (1971), rather than a federal habeas petition, is the proper way to raise such claims. See Boyce v. Ashcroft, 251 F.3d 911, 914 (10th Cir.) (holding "[p]risoners

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

who raise constitutional challenges to other prison decisions -- including transfers to administrative segregation, exclusion from prison programs, or suspension of privileges, e.g. conditions of confinement, must proceed under Section 1983 or Bivens" and not under habeas statute), judgment vacated as moot, 268 F.3d 953 (10th Cir. 2001); see also Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (civil rights action proper method of challenging conditions of confinement); Crawford v. Bell, 599 F.2d 890, 891-92 & n.1 (9th Cir. 1979) (affirming dismissal of habeas petition because challenges to terms and conditions of confinement must be brought as civil rights complaint). To state a claim under Bivens, and its progeny, a plaintiff must allege: (1) that a right secured by the Constitution of the United States was violated, and (2) that the alleged violation was committed by a federal actor. See Van Strum v. Lawn, 940 F.2d 406, 409 (9th Cir. 1991) (42 U.S.C. § 1983 and Bivens actions are identical save for replacement of state actor under § 1983 by federal actor under Bivens).

While a district court may construe a habeas petition by a prisoner attacking the conditions of his confinement as pleading civil rights claims, see Wilwording v. Swenson, 404 U.S. 249, 251 (1971), it is not appropriate to do so in this case. The habeas petition does not include the information necessary to state a civil rights violation. It was not accompanied by the correct filing fee for a civil rights case. Accordingly, the Court directs Petitioner to file a civil rights complaint on the attached civil rights complaint form, stating his claims for relief, if he wishes to go forward with this action as a civil rights action. The failure to file a completed civil rights complaint as directed

below will result in the dismissal of this action without prejudice.

Before filing his complaint, Petitioner must ensure that he has exhausted all of his administrative remedies. The Prison Litigation Reform Act of 1995 (PLRA) amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Accordingly, Petitioner must exhaust all available administrative remedies with the BOP before filing a Bivens claim in federal court. See Porter v. Nussle, 534 U.S. 516, 524-25 (2002) (holding that revised § 1997e(a) applies to Bivens actions).

Although once within the discretion of the district court, exhaustion in prisoner cases covered by § 1997e(a) is now mandatory. Id. at 524. All available remedies must now be exhausted; those remedies "need not meet federal standards, nor must they be 'plain, speedy, and effective.'" Id. (citation omitted). Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit. Id.; Booth v. Churner, 532 U.S. 731, 741 (2001). Similarly, exhaustion is a prerequisite to all prisoner suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. Porter, 534 U.S. at 532. The PLRA's exhaustion requirement requires "proper exhaustion" of available administrative remedies. Woodford v. Ngo, 548 U.S. 81, 94 (2006).

CONCLUSION

For the foregoing reasons, Petitioner's case is DISMISSED with leave to amend. Petitioner may file his complaint no later than thirty (30) days from the date of this Order. Petitioner must write the case number for this action -- Case No. C 10-03268 CW (PR) -- on the form, entitle it "Civil Rights Complaint Under Bivens v. Six Unknown Named Agents," and complete all sections of the form. Petitioner is particularly directed to name as defendants each person who caused a violation of his constitutional rights and explain what each person did to cause the violation. Bivens liability requires proof of direct personal responsibility. See Pellegrino v. United States, 73 F.3d 934, 936 (9th Cir. 1996). A theory of respondent superior is not applicable in a Bivens action. See id.; Terrell v. Brewer, 935 F.2d 1015, 1018 (9th Cir. 1991). Bivens liability may be imposed, however, when a supervisor participated or acquiesced in the alleged constitutional deprivations. See Jasinski v. Adams, 781 F.2d 843, 848 (11th Cir. 1986).

The filing fee for a civil rights action is $350.00. Petitioner must pay the $350.00 filing fee, or file an application for leave to proceed in forma pauperis (IFP), before this action can proceed. If Petitioner is a prisoner who alleges that he is unable to pay the full filing fee at the time of filing, he must submit: (1) an affidavit that includes a statement of all assets he possesses, and (2) a certified copy of the trust fund account statement for the prisoner for the six-month period immediately preceding the filing of the action, obtained from the appropriate official of each prison at which the prisoner is or was confined.

See 28 U.S.C. § 1915(a)(1), (2). If the district court determines that the prisoner is unable to pay the full filing fee at the time of filing, the prisoner will be granted leave to proceed IFP. This means that the filing fee must be paid by way of an installment plan, according to which the court first will assess and collect a partial filing fee from the prisoner, and then the prisoner will be required to make monthly payments of twenty percent of the preceding month's income credited to the prisoner's account until the full $350.00 filing fee is paid. Id. § 1915(b)(1). The agency having custody of the prisoner is responsible for forwarding to the court payments from the prisoner's account each time the amount in the account exceeds ten dollars. See id. Accordingly, Petitioner is hereby ORDERED to pay the requisite $350.00 filing fee in this action no later than thirty (30) days from the date of this Order. He shall include with his payment a clear indication that it is for the above-referenced case number, Case No. C 10-03268 CW (PR). In the event that Petitioner is unable to pay the filing fee, he shall submit an IFP application, and a trust account statement and certificate of funds from Cornell Companies, Inc. no later than thirty (30) days from the date of this Order. If Cornell Companies, Inc. does not maintain a trust account for him, Petitioner must submit a declaration, preferably from Cornell Companies, Inc., verifying that Cornell Companies, Inc. does not maintain trust accounts. In that case, Petitioner must complete a non-prisoner IFP application, a blank copy of which is enclosed.

Failure to file a completed civil rights form and to pay the filing fee or file the requisite documents within the thirty-day deadline shall result in dismissal of this action without

United States District Court
For the Northern District of California

prejudice.

The Clerk of the Court shall send Petitioner a blank civil rights form and the Court's prisoner and non-prisoner IFP application forms along with his copy of this Order.

IT IS SO ORDERED.

Dated: 10/18/2010

CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

WOODRUFF et al,

Plaintiff,

v.

AWOKE et al,

Defendant.
_______________________________________/

Case Number: CV10-03268 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 18, 2010, I SERVED a true and correct copy(ies) of the attached and **a blank civil rights form and the Court's prisoner and non-prisoner IFP application forms**, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Kevin Woodruff 56195-097
1512 Harrison St.
Fairfield, CA 94533

Dated: October 18, 2010

Richard W. Wieking, Clerk
By: Nikki Riley, Deputy Clerk



United States District Court
For the Northern District of California